UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRIS COREA and RAQUEL COREA,<br><br>  Plaintiffs,<br><br>  vs.<br><br>JARED KIM, *et al.*,<br><br>  Defendants. | Case No.: 2:16-cv-01024-GMN-GWF<br><br>**ORDER** |

On May 6, 2016, the Court ordered that Defendant Jared Kim ("Defendant") show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (Order, ECF No. 3). On May 18, 2016, Defendant filed a Response. (ECF No. 7). For the reasons stated herein, the Court will remand this case to Clark County District Court.

**I.  BACKGROUND**

This action centers upon negligence allegations by Plaintiffs Iris Corea and Raquel Corea ("Plaintiffs") against Defendants Jared Kim, EAN Holdings, LLC, and Enterprise Leasing Company-West, LLC following an auto accident that occurred on September 27, 2014. (Compl. ¶¶ 9–10, Ex. A to Pet. in Removal, ECF No. 1-2). This case was originally filed in Clark County District Court on March 25, 2015. (*Id.* at 1). On May 5, 2016, Defendant removed the case, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. ¶ 4, ECF No. 1).

The Complaint sets forth causes of action for negligence, negligence per se, and negligent entrustment, upon which Plaintiffs seek to recover amounts in excess of

$10,000 each. (Compl. at 8–10). Plaintiffs also seek to recover an unspecified amount in special damages and attorney fees for each of her claims. (*Id.*).

## II.  LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## III.  ANALYSIS

This Court has original jurisdiction over civil actions: (1) in which the amount in controversy exceeds the sum or value of $75,000; and (2) which are between citizens of different States. 28 U.S.C. § 1332(a). The jurisdictional amount must be satisfied by each plaintiff in a diversity action. *See, e.g.*, *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 295 (1969). As discussed *infra*, Defendant fails to establish that the amount in controversy exceeds $75,000 for either Plaintiff, and therefore the Court will remand this action.

In his Response, Defendant asserts that this case satisfies the amount in controversy requirement because "[b]oth [Plaintiffs] claim to have medical special damages of roughly $41,000, and both demanded well in excess of the jurisdictional minimum." (Resp. 5:22, ECF No. 7). In support of this assertion, Defendant lists several "motor vehicle negligence cases" in which plaintiffs received awards in excess of $75,000. (*Id.* 6:4–7:3). However, Defendant's Response does not describe the underlying

facts of those cases or show how Plaintiffs' injuries in the instant case could warrant similar relief.

It is well established that when determining the amount in controversy, a court cannot consider awards issued in other actions unless a defendant identifies factual similarities which raise an inference that a similar award might be warranted. *See, e.g.*, *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). Here, Defendant has failed to make any factual comparison whatsoever, and instead merely relies on the fact that the plaintiffs in the cited cases raised the same causes of action set forth in the instant case.

Further, while "[a] settlement letter is relevant evidence of the amount in controversy," it must "reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiffs' demand letters include line-item lists of medical expenses totaling $42,069.60 and $41,848.43. (Ex. B to Pet. for Removal, ECF No. 1-2). Notwithstanding these amount, the letters demand $1,000,000.00 from Defendants. (*Id.*). Without more, the settlement offers do not "reflect a reasonable estimate" of Plaintiffs' claims. *See Cohn*, 281 F.3d at 840. Therefore, Defendant has failed to satisfy its burden to demonstrate that the amount in controversy exceeds $75,000. Accordingly, the Court will remand this case.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Because Defendant has failed to carry its burden as to the amount in controversy, the Court need not determine whether complete diversity exists between Plaintiff and Defendant.

IV. CONCLUSION

**IT IS HEREBY ORDERED** that this action is remanded to the Clark County District Court. The Clerk is instructed to close the case.

**DATED** this __27__ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court